**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br>v.<br><br>G6 HOSPITALITY, L.L.C.; G6 HOSPITALITY PROPERTY, L.L.C.; G6 HOSPITALITY FRANCHISING, L.L.C.; MOTEL 6 OPERATING L.P.; WYNDHAM HOTEL & RESORTS, INC.; RED LION HOTELS CORPORATION; SEATAC HOTELS, LLC; JAGDEV SINGH & SONS, INC.; HAUSER INVESTMENTS, LLC; GOLD INVESTMENT, LLC; and ROES 1 through 50.<br><br>Defendants. | Case No.: 2:26-cv-00836-TL<br><br>**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**[1] |

Plaintiff Jane Doe, Defendant G6 Hospitality LLC, Defendant G6 Hospitality Property LLC, Defendant G6 Hospitality Franchising LLC, Defendant Motel 6 Operating L.P., Defendant Red Lion Hotels Corporation, Defendant SeaTac Hotels, LLC, Defendant Hauser Investments, LLC, and

[1] This Court adopts the Proposed Stipulated Protective Order, other than the last sentence of section III.E., which the Court has stricken from the instant Order.



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

Defendant Wyndham Hotels & Resorts, Inc. (collectively the "Parties") agree that discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order is consistent with Fed. R. Civ. P. 26 and LCR 26(c). The Parties acknowledge and agree that it does not confer blanket protection on all disclosures or responses to discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Information under seal.

## I. <u>PURPOSES, LIMITATIONS, AND DEFINITIONS</u>

A. Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

B. As used in this Stipulated Protective Order, the following definitions shall apply:

1. "Action" means *Jane Doe v. G6 Hospitality Property LLC., et al*., Case No. 2:26-cv-00836-TL presently pending in the Western District of Washington at Seattle.

2. "Party" or "Parties" means any party named in this Action that has not been dismissed.

3. "Non-Party" means any natural person, partnership, corporation, association, or legal entity who is not a Party in this Action.

4. "Counsel of Record" means any attorney representing a Party.

5. "Plaintiff's Identity" means Plaintiff's personally identifiable information, including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current and prior residential addresses; [5] Plaintiff's personal and home phone numbers and social media or online user accounts; [6] Plaintiff's physical description, including weight, height, hair color, eye color, ethnicity, tattoos, and piercings; [7] videos, photographs,

or other depictions of Plaintiff; and [8] the names of Plaintiff's parents, siblings, children, and spouse, if any.

6. "Confidential Information" means Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things reflecting: [1] potentially sensitive personal identifying or financial information of Non-Party trafficking survivor witnesses, including but not limited to, names, dates of birth, social security numbers, phone numbers, employment histories, or credit card information, videos, photographs, and social media; [2] non-public proprietary information, and confidential research as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and [3] any material prohibited from disclosure by statute or Court Order that is nonetheless discoverable. "Confidential Information" does not include "Highly Confidential Information" or "Plaintiff's Identity", which are separately addressed in Sections III and IV, respectively.

7. "Highly Confidential Information" means Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains any trade secret or competitively sensitive information that has been maintained as non-public or confidential.

8. "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "PLAINTIFF'S IDENTITY," or "HIGHLY CONFIDENTIAL."

9. "Receiving Party" refers to a Party or Non-Party to which information or items containing Confidential Information, Plaintiff's Identity, or Highly Confidential Information that has been produced by a Designating Party.

10. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced, disclosed, or generated by the Designating Party in connection with discovery in this Action.

11. "Outside Counsel" means attorneys who are not employees of a Party but are

retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this Action.

12. "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

13. "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

14. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

15. "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this Action.

16. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

17. "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

18. Protected Material" means any Discovery Material that is designated "CONFIDENTIAL," "PLAINTIFF'S IDENTITY," or "HIGHLY CONFIDENTIAL" as provided for in this Stipulated Protective Order.

**II. SCOPE**

A. The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Confidential Information and Protected Material;



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

and [3] any testimony, conversations, or presentations by Parties or their Counsel that may reveal Protected Material.

B. Except for Plaintiff's Identity, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain and which has been made accessible to the public via public statements and/or publications.

C. This Stipulated Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Stipulated Protective Order in any way, including, without limitation, an order that certain material not be produced at all.

D. To the extent a Designating Party provides Protected Material under the terms of this Stipulated Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Stipulated Protective Order.

E. To the extent a Party independently learns, obtains, or acquires Plaintiff's Identity, such information is subject to the terms of this Stipulated Protective Order and the Party shall not share that information with any Non-Party, absent express written permission from Plaintiff, unless in conformance with this Stipulated Protective Order.

## III. ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL

A. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. All Protected Material shall be used solely for the purposes of the Action. Nothing herein shall restrict the use of Protected Material by the Producing Party. Protected Material produced by Defendants shall not be shared with any litigation funding organization.

B. Unless otherwise ordered by the Court or permitted in writing by the Designating Party,



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

a Receiving Party may only disclose Confidential Information or Highly Confidential Information to:

1. Any of the Receiving Party's Counsel of Record in this Action, including their employees;

2. Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

3. The Parties bound by this Stipulated Order, including current owners, current officers, current directors, and current employees (including In-House Counsel), and agents and/or representatives of any of the foregoing, as is reasonably necessary to litigate any claims or defenses (but only to the extent that such individuals are not alleged to be traffickers);

4. Former officers, directors, and employees (including In-House Counsel) of the Receiving Party who have signed the Acknowledgement and Agreement to Be Bound (hereinafter "Exhibit A");

5. Experts, investigators, contractors, or consultants to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

6. The Court and court personnel;

7. Court reporters, recorders, and videographers engaged for depositions;

8. Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Confidential Information;

9. During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Confidential Information so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A and disclosure is reasonably considered to be necessary to litigate any claims or defenses. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Confidential Information upon termination of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

anyone except as permitted under this Stipulated Protective Order;

10. Any witness who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action to whom disclosure is reasonably considered to be necessary to litigate any claims or defenses and who signs Exhibit A;

11. Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

12. Insurers for any of the Parties, third party administrators of the Insurers or Parties, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute, provided that a representative with authority to bind each insurer and/or entity signs Exhibit A on behalf of the insurer/entity; and

13. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

C. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Highly Confidential Information to:

1. Any of the Receiving Party's Counsel of Record in this Action, including their employees;

2. Outside Counsel to whom it is reasonably considered necessary to disclose the information for this Action;

3. Experts, investigators, contractors, and consultants to whom disclosure is reasonably considered necessary for this Action and who have signed Exhibit A;

4. The Court and court personnel;

5. Court reporters, recorders, and videographers engaged for depositions;

6. Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Highly Confidential Information;



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

7. The author or recipient of a document containing the Highly Confidential Information, or a custodian or other person who otherwise possessed or knew the Highly Confidential Information, including but not limited to past or current employees of the Designating Party and any 30(b)(6) witnesses designated by the Designating Party;

8. Any witness who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action to whom disclosure is reasonably considered to be necessary to litigate any claims or defenses and who signs Exhibit A;

9. Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A; and

10. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

D. Nothing herein shall be construed as permitting any Party or Non-Party to disclose or provide any Highly Confidential Information to the officers, directors, or employees (including In-House Counsel) of any Party or Non-Party, except those associated with the Designating Party that produced the Highly Confidential Information.

E. Filing Protected Material. Before filing Protected Material or discussing or referencing Protected Material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or a stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Protected Material at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. ~~Failure to satisfy this requirement will~~



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

~~result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.~~

**IV. <u>ACCESSING AND USE OF PLAINTIFF'S IDENTITY</u>**

A. During all pre-trial proceedings in this Action and in any public filings or statements, the Parties must either redact Plaintiff's Identity, file the document with her identity under seal, or use the pseudonym "Jane Doe" in place of Plaintiff's Identity.

B. Within three days of the filing of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with Plaintiff's full name, maiden name, alias names used at any time, birthday, the last four digits of Plaintiff's Social Security number, address, trafficker(s)' names, trafficker(s)' associate(s)' names, and any known identifying information about their trafficker(s) and associate(s). Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this Action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) and associates. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff intends to rely upon at trial. Nothing in this Order constitutes an admission by any party that information covered by this Order is discoverable, relevant, or admissible, or constitutes a waiver of any other objections any party may have under the discovery or evidence rules.

C. Access to Plaintiff's Identity shall be limited to, and only to, the following:

1. The Parties who are bound by this Order, including current owners, officers, directors, and employees of the Parties (including In-House Counsel), and agents and/or representatives of any of the foregoing, to whom disclosure is reasonably considered to be necessary to litigate any claims or defenses;

2. Any Counsel of Record for the Parties who are bound by this Order, and retained specifically for this Action, and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

3. Law enforcement agencies and agency personnel (so long as the disclosure does not create public records that identify Plaintiff as the Plaintiff in this Action), but only to the extent that the disclosure of Plaintiff's Identity is reasonably necessary to litigate any claims or defenses, or is required by Court Order, and only after such agencies are made aware of this Stipulated Protective Order;

4. Former employees (including In-House Counsel), officers, contractors, and representatives of the Parties will have access to Plaintiff's name, and photographs only, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action or who is believed to have information relating to the Action and who execute Exhibit A;

5. Any witness, except Non-Parties and those who Plaintiff identifies as her Non-Party trafficker(s), who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action or who is believed to have information relating to the Action and who signs Exhibit A, will have access to Plaintiff's name and photographs only. If a witness refuses to sign Exhibit A, the witness will have access to Plaintiff's name and photographs only, provided they are made aware of this Protective Order, and that Counsel executes the Attorney Certification attached as Exhibit B;

6. Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

7. Insurers for any of the Parties, third-party administrators for the Insurers and Parties, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute, provided that a representative with authority to bind the insurer, their administrators, indemnitors, and counsel signs Exhibit A;

8. The Court and Court personnel;

9. Court reporters, recorders, and videographers engaged for depositions;

10. Any custodian of records;



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

11. Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have signed Exhibit A;

12. Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A;

13. Government agencies and agency personnel, but only after such agency is made aware of this Order and to the extent that the disclosure of Plaintiff's Identity is reasonably necessary to litigate any claims or defenses or to comply with any obligations or requirements, and so long as the disclosure does not create a public record that identifies Plaintiff as the Plaintiff in this lawsuit; and

14. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

D. As used herein, "traffickers" shall not include Defendants' employees and agents whose actions may meet the definition of trafficking. Only Plaintiff's identifying name(s) and/or photographs of Plaintiff may be disclosed to Plaintiff's alleged trafficker(s) and his or her counsel, and only to the extent it is necessary, i.e., that Plaintiff's Identity will assist the alleged trafficker(s) in recalling, relating, or explaining facts or in testifying. Such disclosure shall only take place if the procedures herein are followed and the disclosure is permitted by separate Court order, as outlined in the Subsection below (Section IV.E).

E. Defendants may not disclose Plaintiff's Identity to her alleged traffickers (or their Non-Party associates) without Plaintiff's consent or prior Court approval. To obtain Court approval, Defendants must file a motion with the Court in conformance with this Order and the Local Rules, in which Defendants: (1) describe with reasonable specificity the nature of the information sought from the alleged trafficker(s) (or their associates); (2) provide the identity of the trafficker(s) (or their associates) from whom information is sought; (3) explain why the information is sought from the alleged trafficker(s) (or their associates) as opposed to some other source; (4) identify any alternative means available to get the information; (5) identify any and all attempts to get the information from other sources; and (6) explain the necessity of disclosing Plaintiff's Identity to the alleged trafficker(s)



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

(or their associates). Any response to the motion by Plaintiff must identify: (1) any specific concerns with or objections to Defendants' request; (2) facts demonstrating how and why Defendants' proposed disclosure of Plaintiff's Identity poses a risk of harm to Plaintiff and/or her family; and (3) any reasonable restrictions the Court should place on the disclosure of Plaintiff's Identity. Should the Court grant Defendants' application, Defendants shall provide Plaintiff with at least fourteen (14) days advance notice of the contact and where the contact will occur.

## V. DESIGNATING PROTECTED MATERIAL

A. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

B. Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may result in sanctions against the Designating Party.

C. If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

D. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Protected Material must be clearly designated as such before or when the materials are disclosed or produced.

1. For information produced in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL", "PLAINTIFF'S



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

IDENTITY", or "HIGHLY CONFIDENTIAL" to each page that contains such material. Documents produced in native electronic format (such as Microsoft Excel files) shall have a confidentiality designation affixed to the file name of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) unless such designations would be disproportional to the needs of the case, in which case, the Parties may meet and confer with respect to such designations.

2. Regarding testimony given in a deposition or in other pretrial proceedings, the Parties and any participating Non-Party must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL", "PLAINTIFF'S IDENTITY", or "HIGHLY CONFIDENTIAL". If a Party or Non-Party desires to protect Protected Material at trial, the issue should be addressed during the pre-trial conference.

3. When producing other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL", "PLAINTIFF'S IDENTITY", or "HIGHLY CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

A. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is reasonably necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. Any challenge to a designation of the Designating Party's Protected Material shall be written and identify, with particularity, the documents or information that the Receiving Party contends should be differently designated. It shall also state the grounds for the challenge.

C. The Parties must make every attempt to resolve any dispute regarding confidential designations without the Court's involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

D. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as Protected Material until one of the following occurs: [1] the Designating Party withdraws such designation in writing; or [2] the Court rules that the disputed material is not entitled to the designation.

## VII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

A. If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any Protected Material, the subpoenaed or otherwise ordered Party must:

1. Promptly notify the Designating Party in writing and include a copy of the subpoena or court order, prior to disclosure or production of any Protected Material;

2. Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, to include redacting Plaintiff's Identity or using the pseudonym "Jane Doe" in place of Plaintiff's Identity, unless ordered to do otherwise by a Court of competent jurisdiction.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately [1] notify in writing the Designating Party of the unauthorized disclosures; [2] use its best efforts to retrieve all unauthorized copies of the Protected Material; [3] inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and [4] request that such person or persons execute Exhibit A.

B. Any intentional or reckless unauthorized disclosure is subject to appropriate sanctions by the Court.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

for production without prior privilege review. Section XI below sets forth a non-waiver provision in accordance with Fed. R. Evid. 502(d).

B. Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

C. The Receiving Parties must, unless they contest the claim of privilege or protection in accordance with this Stipulated Protective Order, do the following: [1] return, delete, or destroy all copies of the inadvertently disclosed material(s); and [2] provide a certification that all materials were destroyed or returned.

## X. NON-TERMINATION AND RETURN OF DOCUMENTS

A. Within sixty (60) days after the Final Disposition of this Action, each Receiving Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material, at the option of the Designating Party.

B. All Parties that have received any Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Counsel or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain the following documents:

1. All documents filed with the court, including but not limited to, pleadings, briefs, memoranda, and motions;

2. All trial, hearing, and deposition transcripts, including exhibits; and

3. Correspondence, attorney work product, Expert reports, and consultant and Expert work product, even if such materials contain Protected Material.

C. The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

## XI. NON-WAIVER AND RULE 502

A. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, in this Action shall not, for the purposes of this Action or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to or shall serve to limit a Party's obligation to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Information inadvertently produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**PRESENTED BY:**

SINGLETON SCHREIBER, LLP

Dated: September 23, 2026 By: */s/ Alexandria Drake*________________
Alexandria Drake (WA 45188)
Meagan Verschueren (CA 313117) *PHV*
Katie Llamas (CA 303983) *PHV*

Attorneys for Plaintiff Jane Doe

TYSON & MENDES, LLP

Dated: September 23, 2026 By: */s/ Thera Cooper*____________________
Thera Cooper, *Pro Hac Vice*
Tyra Lovelace, *Pro Hac Vice*
Gordon C. Klug (WSBA No. 21449)

JONES DAY

Dated: September 23, 2026 By: */s/ Allison McQueen*__________
Kate Wallace, *Pro Hac Vice*
Allison McQueen, *Pro Hac Vice*

Attorneys for Defendants G6 Hospitality LLC, G6 Hospitality Property LLC, G6 Hospitality Franchising LLC, and Motel 6 Operating L.P.

DLA PIPER US LLP

Dated: September 23, 2026 By: */s/ Anthony Todaro*___________
Anthony Todaro

Attorney for Defendant Wyndham Hotel & Resorts Inc.

COZEN O'CONNOR

Dated: September 23, 2026 By: */s/ Stephanie M. Chesney*______
Karl Neumann
James B. Edward
Benjamin I. Wilkoff
Lynnette D. Espy-Williams
Stephanie M. Chesney

Attorneys for Defendant Red Lion Hotels Corporation

WATHEN LEID HALL RIDER P.C.

Dated: September 23, 2026 By: */s/ Michaela A. Banchero*______________
Rory W. Leid, III
Kimberly L. Rider
Michaela A. Banchero
Alexander M. Walton

Attorneys for Defendant SeaTac Hotels, LLC

MIX SANDERS THOMPSON PLLC

Dated: September 23, 2026 By: */s/ Michael K. Rhodes*
Michael K. Rhodes



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

Attorney for Defendant Hauser Investments LLC

GOLD INVESTMENT LLC

Dated: September 23, 2026

By: */s/ Miguel Mendez-Pintado*________________
Miguel Mendez-Pintado
Nicholas C. Larson

Attorneys for Defendant Gold Investment LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated this 14th day of October, 2026.

____________________________________
Honorable Tana Lin
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, of ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington at Seattle on ________ in the case of *Jane Doe v. G6 Hospitality, LLC., et al*., Case No. 2:26-cv-00836-TL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this Action.

Date: ________________

______________________________________
Printed Name

______________________________________
Signature

______________________________________
City and State where sworn and signed



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

**EXHIBIT B**

**ATTORNEY CERTIFICATION REGARDING DISCLOSURE OF PLAINTIFF'S IDENTITY**

I, __________________________, declare that:

1. My address is ___________________________________________, and the name and address of my present employer is ____________________________ _________________________________________________________________.

2. My title is ____________________________________________.

3. On this ____ day of _____________, 20_____, while speaking with ______________________________, I determined it was necessary to disclose Plaintiff's Identity.

4. I certify that prior to disclosing Plaintiff's Identity to ______________________, I made ________________________________________________ aware of and summarized the Court's Protective Order.

5. I declare under penalty of perjury that the facts stated above are true and correct.

Executed this _________ day of _____________, 20____ in the State of ____________________.

By: _____________________________

(SIGNATURE)



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the United States District Court's CM/ECF system, and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 23rd day of September, 2026.

*/s/ Alexandria Drake*



SINGLETON SCHREIBER
450 ALASKAN WAY SOUTH, STE. 200
SEATTLE, WA 98104
(206) 466-0809